PER CURIAM.
We affirm Appellant’s conviction and sentence.
Following appeal of Appellant’s conviction, but prior to filing his initial brief, Appellant moved to relinquish jurisdiction on the ground that counsel had been informed that during jury selection, a bailiff told members of Appellant’s family to leave the courtroom. Appellant’s motion to relinquish jurisdiction was denied. Appellant now asks this court to re-visit the issue and determine whether the exclusion of family members from the courtroom during voir dire deprived him of his right to a public trial.[1]
Appellant concedes there is nothing in the record to substantiate his claim that the bailiff asked four persons to leave the courtroom because there was no room, nor is there any allegation that the court sanctioned such conduct. In the absence of record evidence showing that an improper exclusion took place, we affirm.
As to the other issue raised, we find no reversible error or abuse of discretion and affirm.
WARNER, C.J., STONE and POLEN, JJ., concur.

. Although Appellant did not raise this issue in the trial court, we recognize that the infringement of a defendant’s right to a public trial constitutes fundamental error. See Williams v. State, 736 So.2d 699, 701 (Fla. 4th DCA 1999).